IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>JARED B. CAIN,<br><br>          Defendant. | 4:22-CR-3016<br><br>TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 39) and moved for a downward variance (filing 40).

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant objects to the presentence report's failure to assess a two-level adjustment, pursuant to U.S.S.G. § 3B1.2, for being a minor participant in the offense. Filing 41 at 9. Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *Id.*, cmt. n.3(A). And the defendant bears the burden of proving that he is entitled to a mitigating role adjustment. *United States v. Salazar-Aleman*, 741 F.3d 878, 880 (8th Cir. 2013).

Specifically, it is his burden to establish that his role in the offense made him less culpable than the average participant in the criminal activity, both "by comparison with other participants *and* by comparison with the offense for which he [] is accountable." *United States v. Ramirez-*

- 2 -

*Maldonado*, 928 F.3d 702, 708 (8th Cir. 2019). The Court considers, among other things,

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; [and]
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.

§ 3B1.2, cmt. n.3(C). And the Court's determination "is based on the totality of the circumstances" and "is heavily dependent upon the facts of the particular case." *Id*. Accordingly, the Court will resolve this objection at sentencing.

The defendant has also moved for a downward variance based on his personal circumstances and the circumstances of the offense. Filing 41 at 1-9. The Court will also resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 18th day of November, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge